**Burton M. ABRAMS and Marguerite M. Abrams, Plaintiffs,**

v.

**INTERCO INCORPORATED, Defendant.**

**No. 78 Civ. 3327.**

United States District Court,
S. D. New York.

Sept. 16, 1981.

Richard M. Meyer, Milberg, Weiss, Bershad & Specthrie, New York City, for plaintiffs.

Howard I. Rhine, Kramer, Coleman & Rhine, New York City, for defendant.

OPINION

GRIESA, District Judge.

This is an action brought under Section 1 of the Sherman Act, 15 U.S.C. § 1, seeking treble damages under Section 4 of the Clayton Act, 15 U.S.C. § 15. Originally a three-count complaint, Counts II and III were dismissed on April 17, 1980. The remaining count, Count I, alleges price fixing conspiracies between defendant Interco and its retail dealers.

This is a motion for class action certification. The motion is denied.

Interco and its subsidiaries are engaged in the manufacture, sale and distribution of various items of clothing. Among its divisions are Florsheim Shoe Company and International Shoe Company. In addition to the well-known Florsheim brand of shoes, Interco sells Thayer-McNeill shoes. Interco's brands of clothing include College Town and London Fog. Interco products are distributed nationwide through both company-owned and independent retail outlets.

Plaintiffs Marguerite and Burton Abrams, a married couple, claim that they purchased certain of Interco's products within the four-year period preceding the filing of this suit in July 1978. Discovery indicates that the Abrams made nine purchases of Florsheim and Thayer-McNeill shoes from Interco-owned outlets in New York City during the relevant four-year period. No other Interco products were apparently purchased by the Abrams.

Plaintiffs move to certify as a class "all persons who purchased Florsheim Shoes, London Fog raincoats and other items of footwear or wearing apparel manufactured or sold by defendant in the four-year period immediately preceding the filing of this action."

Defendant raises several arguments in opposition to class certification, only one of which will be discussed because it is dispositive. Defendant urges that the individual issues of fact would greatly predominate over any common issues, and that there would be severe difficulties in the management of the suit as a class action. *See* Fed.R.Civ.P. 23(b)(3). To deal with this argument, it is necessary to describe in somewhat more detail the nature of the complaint.

Count I of the complaint charges that Interco entered into "combinations, agreements, or understandings with dealers or prospective dealers to adhere to certain resale prices." The term "dealers" is defined as retail outlets except for outlets owned by Interco. Thus Count I charges combinations between Interco and independent dealers. Count I further alleges that Interco disseminated lists of suggested retail prices; that Interco informed dealers or prospective dealers "by direct or indirect means" that Interco expected or desired the suggested resale prices to be adhered to; that Interco suggested "certain sale periods" and indicated its desire that these suggestions be adhered to; that Interco engaged in various kinds of retaliatory conduct against dealers who deviated from the suggested prices and sale periods, including the withholding of allowances or other benefits, threats to terminate dealerships, and other types of "urging, inducing, persuading, compelling."

It appears that the independent dealers in Interco products number in the thousands. There are approximately 5,000 dealers in men's shoes alone.

In dealing with the question of class action certification, the crucial issue is whether the case involves some pattern of conduct on Interco's part which was reasonably consistent, affecting all or most of the dealers referred to in the complaint. If this were the nature of the action, then it might be appropriately handled as a class action, involving a core of basic factual issues. However, it is abundantly clear from the complaint that plaintiffs have no such claim

in mind. Instead, the complaint speaks in terms of multiple combinations, agreements and understandings. Although it would be reasonable to construe the allegations about suggested price lists as claiming conduct by Interco affecting all its dealers in common, this allegation is barely a start at making out the alleged claim of antitrust violation. Moreover, any concept of conduct affecting all dealers breaks down entirely when we look at the allegations about informing dealers "by direct or indirect means" of Interco's desire to have the suggested prices adhered to, and the allegations about coercive and retaliatory conduct against recalcitrant dealers. The latter allegations raise issues relating to Interco's individual relationships with each of its thousands of dealers.

The situation presented is quite similar to what was involved in *Kendler v. Federated Dept. Stores, Inc.*, 88 F.R.D. 688 (S.D.N.Y. 1981), an unreported decision, in which Judge Pierce denied class action treatment. The plaintiffs in that case charged that Bloomingdale's Department Store engaged in conduct designed to artificially inflate prices of goods, by forcing its suppliers to refrain from dealing with discounters in Bloomingdale's competitive areas. Judge Pierce found that the trial of the case as a class action would involve questions of thousands of "mini-conspiracies." He further found that there was a lack of the necessary common element uniting the multitudinous transactions, which would be necessary for proper class action treatment.

> "These alleged *multiple* conspiracies are essentially unrelated and proof bearing on the existence and impact of one such conspiracy would have little, if any, relevance to establishing the existence of other such conspiracies."

Although the factual setting of the present case is different, the reasoning of the *Kendler* opinion is basically applicable.

When "complicated individual issues" such as seller-buyer relations are involved, class certification should be denied. *See In re Independent Gasoline Antitrust Litigation*, 79 F.R.D. 552, 563 (D.Md.1978).

For the foregoing reasons the motion for class action certification is denied.

So ordered.